Submitted on briefs May 5, affirmed May 18, 1915.

# STATE v. GULLIFORD.

(148 Pac. 876.)

**Larcency—Evidence.**

1. In a prosecution for larceny of cattle, where there was no proof of the organization or existence of a certain cattlemen's association, except statements by certain witnesses, the refusal of the court to allow defendant to ask a witness, who had testified that he was a member of such cattlemen's association, whether the organization did not make a standing offer of $1,000 to anyone furnishing evidence to convict another of cattle stealing, was proper, there being no attempt to show any such offer in relation to the pending case.

[As to what constitutes larceny, see note in 88 Am. St. Rep. 559.]

**Witnesses—Impeachment—Statute.**

2. Under Section 861, L. O. L., providing that the party calling a witness may not impeach him by evidence of bad character, but may contradict him, and may show past statements inconsistent with his present testimony, in a prosecution for larceny, where defendant called a certain witness, the court properly refused to permit defendant to recall him to lay "the grounds for impeachment."

**Witnesses—Impeachment.**

3. In a prosecution for larceny of cattle, where defendant attempted to impeach his own witness, on the ground of his membership in a cattlemen's association, without proving the existence of such association or its relevancy to the case, such attempt was properly stopped by the court.

[As to impeachment of witnesses, see notes in 73 Am. Dec. 762; 14 Am. St. Rep. 157; 82 Am. St. Rep. 25.]

**Criminal Law—Harmless Error—Admission of Evidence.**

4. In a prosecution for larceny of cattle, the admission of evidence that defendant, when asked what he had been doing up around where the cattle were stolen, replied that he was doing nothing up there, but just riding around, the admission of such testimony was immaterial and not prejudicial error.

Witnesses—Impeachment—Evidence.

5. In a prosecution for larceny of cattle, a question to a witness for the prosecution, whether before the justice court he had not failed to testify to certain conversations with the defendant as to such defendant's whereabouts at the time of the crime, was properly excluded as incompetent, immaterial and irrelevant, unless it was shown that the witness was asked of such conversations before the justice.

Criminal Law—Trial—Remarks of Court.

6. In a prosecution for larceny of cattle, defendant's attorney stated that his client had admitted a previous conviction, and the court replied: "The defendant still seems to have doubt in his mind." After defendant had commented upon the situation in regard to such conviction, the court further said: "The record shows the defendant pleaded guilty to the larceny of animals, a felony, and was paroled from this court." *Held,* that the court's language was not improper, as giving undue prominence to the previous conviction.

Criminal Law—Appeal—Reservation of Ground of Review—Character of Crime.

7. In a prosecution for larceny of cattle, where the court charged on such crime, the defendant neither excepting to the charge nor requesting further instructions as to the distinction between the crime of driving cattle from the range and larceny, the question whether the proof called for such instructions was not presented for review.

From Umatilla: GILBERT W. PHELPS, Judge.

The defendant, Arthur Gulliford, was indicted, tried and convicted of the crime of larceny of cattle, and from the judgment and sentence following such conviction he appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. L. A. Esteb* and *Messrs. Fee & Fee.*

For the State there was a brief over the name of *Mr. Frederick Steiwer,* District Attorney.

In Banc. MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first assignment of error relates to the refusal of the court, upon cross-examination of the wit-

ness James Nelson, to allow the defendant to question him concerning the reward which had been offered by the cattlemen's association. In the examination of Nelson, after proof that he was a member of the cattlemen's association, he was asked:

"I will ask you if it is not a fact that you have a standing offer of $1,000 for any person that will furnish the evidence to convict anybody, that you will pay $1,000 for every conviction?"

This question was objected to as incompetent, irrelevant and immaterial. There is no proof of the organization or existence of the cattlemen's association, other than such statements as made by Nelson and other witnesses that there was such an association; and, as this relates to no offer made to a witness in this particular case, it was therefore incompetent. The court stated, while this matter was under discussion:

"If this matter is coming into this case, it is going to come in the right way. There may be an association covering several states, and there may be an understanding among these witnesses that this association will pay a reward in certain cases. * * The cross-examination is entirely proper, and unless it can be shown there is some connection between that reward and this case, all the evidence will be taken from the jury."

We understand that it is for this reason the evidence was excluded.

2. Assignments 2 and 3 relate to an effort to impeach the witness Nelson, who had been called by and testified on behalf of defendant. Defendant's attorney said:

"I desire to have the record show that I offered to recall the witness for the purpose of laying the grounds for impeachment."

The court excluded this testimony for the reason that it was an attempt to lay the foundation to impeach defendant's own witness. Section 861, L. O. L., provides:

"That party producing a witness is not allowed to impeach his credit by evidence of bad character, but he may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, as provided in Section 864."

The question was not pertinent cross-examination, the witness being called for the purpose of laying the foundation for an impeachment, and the evidence offered was incompetent. The suggestion of improper remarks by the court in ruling upon these questions has no merit.

Assignments of error Nos. 5 and 6 relate to the offer of a reward by the cattlemen's association, but no proof of the existence of the cattlemen's association, or of what it consisted, was offered. These things can be proved only in the regular way, by a person who has knowledge of the facts and is competent to testify in that regard.

3. The seventh assignment is directed against the court's refusal to allow the defendant's witness Lightfoot to establish certain facts in regard to the impeachment of Nelson, without proving any facts in regard to the association, or showing the relevancy thereof to this case.

4. Exception is also taken to the ruling of the court as to the admissibility of the testimony of John Laing, a state's witness, relating to a conversation with Carl Kirk. This matter related by Laing was not material to the case, and did not prejudice Kirk's defense, being in the following language:

"Q. Now, state to the jury what statements, if any, you heard Carl Kirk make at that time with reference to his connection with these cattle.

"A. When Mr. Taylor was talking to Carl, he was out in the barn, and I was out there with them, and Mr. Taylor asked him what he was doing up around the upper country up in Butter Creek, and Carl said he wasn't doing anything up there, and Taylor said he supposed he was just up there riding around, and Carl said, 'Yes,' he was just riding around; they didn't have anything particularly to be after."

The same is true, also, in regard to what Laing testified as to remarks of the defendant Gulliford, and created no prejudice.

Assignment No. 10 relates to questions propounded to Kirk as to a former conviction of crime, which amounted to an impeachment. He said he pleaded guilty to the larceny of personal property, and upon the trial admitted having done so. We find that the court used no improper language, as insisted in the objection.

5. In the examination of the witness John Laing, defendant on his cross-examination asked:

"In your testimony before the justice's court here, you did not testify to any of these conversations, did you?"

This question was objected to as incompetent, immaterial and irrelevant, and the court sustained the objection, in which ruling we find no error, unless it was shown the witness was asked concerning them.

6. The eleventh exception concerns the remarks of the court, giving undue prominence to the fact that the defendant Arthur Gulliford had been previously convicted of a crime. His attorney, speaking of his conviction, said:

"He has admitted that record is correct; he must have done it."

The court replied:

"The defendant still seems to have doubt in his mind."

Defendant answered:

"I said this book shows I pleaded guilty here, but I did not know I had to plead guilty twice to one charge. I suppose it was down at Echo."

The court remarked:

"The record shows the defendant pleaded guilty to the larceny of animals, a felony, and was paroled from this court."

We find that this ruling is correct, and no improper language was employed by the judge. When asked if he had kept faith with the court on his parole, defendant said:

"Nobody accused me, or said a word to me about being arrested upon any claim since then."

To which an objection was sustained, but the answer of the witness was allowed to stand.

The denial of the motion of the defendant at the close of the state's testimony for a directed verdict in favor of defendant was not error. There is sufficient evidence in the record to show that it should have been submitted to the jury.

7. The last assignment of error is:

"The court failed to instruct the jury as to the distinction between the crime of driving cattle from the range, and the crime of larceny."

The charge in the indictment was "take, steal and drive away" the animals named therein. A defense relied upon by defendant was an *alibi*. We find no

question suggested as to the acts complained of constituting some other crime than larceny, and no request was made for other instructions. We find that defendant gives as one ground for his motion at the close of the state's case:

"For the reason, if any crime has been proven in this case, it is the driving of cattle from the range, and not the crime alleged in the indictment."

There was no request nor exception taken, and the question is not here for decision.

Finding no error in the record, the judgment is affirmed.                AFFIRMED.